UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX RIOS, | ) Case No. 2:25-cv-01118-JC |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ) ORDER DISMISSING ACTION |
| CITY OF ARCADIA, et al., | ) |
| Defendants. | ) |

On or about January 22, 2024, Plaintiff Alex Rios ("Plaintiff"), who is proceeding *pro se*, filed a Complaint against the City of Arcadia and its Deputy City Manager Justine Bruno (collectively "Defendants") in Los Angeles County Superior Court Case No. 25STLC00524 ("State Case"). (See Docket No. 1). On February 10, 2025, Defendants removed the State Case to this United States District Court, initiating the instant federal action which was assigned to this Court. (Docket Nos. 1, 6).[1]

///

---

[1] As the parties were properly notified of, and did not exercise their right to decline to consent to proceed before a United States Magistrate Judge within the requisite time, they have been deemed to have knowingly and voluntarily consented to proceed before the undersigned Magistrate Judge for all purposes. (See Docket Nos. 6-8).

1

On February 24, 2025, the parties filed a "Stipulation Re: Amended Complaint" ("Stipulation") which, in pertinent part, reflects the parties' agreement that Plaintiff would file an amended complaint no later than February 25, 2025 and that Defendants' deadline to file a response thereto would be extended to the earlier of March 18, 2025 or twenty-one (21) days after the filing of the amended complaint. (Docket No. 11). On the same date, the Court granted the Stipulation and ordered: (1) Plaintiff shall file a first amended complaint by not later than February 25, 2025; and (2) Defendants shall file a response to the first amended complaint by the earlier of March 18, 2025, or twenty-one (21) days after the filing of the first amended complaint ("February Order"). (Docket No. 12).

As Plaintiff did not file a first amended complaint by the foregoing deadline or request an extension of time to do so, this Court, on March 26, 2025, issued an Order to Show Cause ("OSC") directing Plaintiff to show cause in writing, by no later than April 9, 2025, why this action should not be dismissed based upon Plaintiff's failure to comply with the February Order and/or Plaintiff's failure to prosecute. (Docket No. 17). The OSC also expressly cautioned Plaintiff – in bold faced print – that Plaintiff's failure to comply with the OSC and/or to show good cause, may result in the dismissal of this action based upon Plaintiff's failure to prosecute this action and/or Plaintiff's failure to comply with the Court's orders.

To date, Plaintiff has failed to respond to the OSC and has failed to file a first amended complaint or a request for an extension of time to do so.

It is well-established that a district court has authority to dismiss a plaintiff's action because of the plaintiff's failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

This Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal since Plaintiff has not responded to the OSC, and has not filed either the requisite first amended complaint or a request for an extension of time to do so.  The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's response to the Court's directives.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as the Court has already cautioned Plaintiff of the consequences of failing to comply with the Court's orders and failing to prosecute this action and afforded him the opportunity to do so, and as Plaintiff has not responded, no sanction lesser than dismissal is feasible.

Accordingly, it is ORDERED that this action is dismissed based upon Plaintiff's failure to comply with the February Order and the OSC and Plaintiff's failure to prosecute this action, and that judgment be entered accordingly.

IT IS SO ORDERED.

DATED: April 17, 2025

                                          /s/
                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE